■ LONNIE CONNORS, Appellant, v STEWART BOWLES, as Police Chief of the City of Poughkeepsie, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondents to pay petitioner's salary and medical bills for the period between February 8, 1977 and June 13, 1977, pursuant to section 207-c of the General Municipal Law, petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County, dated February 9, 1978, as granted the branch of respondents' cross motion which sought dismissal of that part of the petition which sought the salary benefits for the period in question. Permission for the taking of this appeal is hereby granted by Mr. Justice O'Connor. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the said branch of the cross motion is denied. In August, 1976 the petitioner was hired by the City of Poughkeepsie as a probationary police officer. While attending a police training school on October 27, 1976 petitioner was injured during hand-to-hand combat training. He received medical attention until June 13, 1977 for treatment of a fractured spine. On that day, his doctor certified that he could return to work. However, on February 8, 1977, the City of Poughkeepsie terminated petitioner's employment. The city has refused to pay petitioner's hospital and medical bills incurred *after* the date of his termination. Nor has the city paid any of petitioner's salary after February 8, 1977. The issue presented on this appeal is whether section 207-c of the General Municipal Law extends benefits to a probationary policeman, who is injured and disabled in the performance of his duties, even after his employment has been terminated. Special Term was of the view that medical benefits may be received for as long as the disability exists, but that salary benefits cease once the policeman's employment has been terminated. We disagree. Petitioner is entitled to receive the medical and salary benefits provided for in section 207-c, so long as the employment-related disability can be shown to have prevented him from working. The statute in question provides, in part: "Any member of a police force of any county, city of less than one million population, town or village, or of any district, agency, board, body or commission thereof, who is injured in the performance of his duties or who is taken sick as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased, and, in addition such municipality shall be liable for all medical treatment and hospital care necessitated by reason of such injury or illness." The respondents urge that the benefits provided by section 207-c are available to a policeman only when he is a member of a police force and that when he ceases to be employed by the municipality the benefits must cease. This construction of the statute would give the municipality the power to nullify the statute simply by terminating the employment and would contravene the legislative purpose in enacting the statute (see *Phaneuf v City of Plattsburgh,* 84 Misc 2d 70, 74-75, affd 50 AD2d 614). Rather, petitioner's entitlement to the benefits of the statute vested when he was injured while a member of a police force in a qualifying district. He may not be divested of that entitlement by other than his own act (see *Matter of Tyler v Gadwood,* 195 Misc 674, revd on other grounds 279 App Div 1138; *Pease v Colucci,* 59 AD2d 233). Hopkins, J. P., Titone, Gulotta and O'Connor, JJ., concur.