■ GEORGE SIGNOR, Respondent, v CITY OF ROCHESTER et al., Appellants.—Order reversed, without costs, motion granted and complaint dismissed. Memorandum: Special Term erred in denying defendant's motion for summary judgment because of plaintiff's failure to demonstrate the existence of any triable issue of fact (CPLR 3212). Plaintiff, a retired police officer of the City of Rochester, alleges in an unverified complaint that he suffered "heart attacks during the performance of his duties or as a result of the performance of his duties" with the police department and claims that he is entitled to full pay and reimbursement of all medical expenses pursuant to section 207-c of the General Municipal Law. Defendant's motion for summary judgment was accompanied by proof that plaintiff voluntarily retired under an "ordinary disability retirement" approved by the New York State Comptroller. Also attached to defendant's motion is an affidavit of a physician who examined plaintiff and concluded that his heart disease was not related to his employment "either by way of causation, precipitation, or aggravation". Plaintiff submitted no proof in opposition to defendant's motion. To defeat a motion for summary judgment "plaintiff must establish the existence of material facts of sufficient import to create a triable issue" *(Shaw v Time-Life Records,* 38 NY2d 201, 207). The bare allegations contained in his complaint are insufficient to create a genuine issue of fact *(Shaw v Time-Life Records, supra,* p 207). Since the facts set forth by the defendant are not controverted, those facts may be deemed to be admitted *(Kuehne & Nagel v Baiden,* 36 NY2d 539, 544). All concur, except Callahan, J., who dissents and votes to affirm in the following memorandum.

Callahan, J. (dissenting). Plaintiff's letter of retirement from the Rochester Police Department dated December 12, 1974, effective as of November 17, 1974, states, "This is due to the fact of my disability and that the New York State Policemen's and Firemen's Retirement System will not grant another 30 day extension regarding my retirement. This letter is being signed without prejudice as to the determination made regarding my pension." This dramatically demonstrates that the type and form of retirement taken at the time was under stress and personal pressures then existent. The documents and arguments presented at Special Term adequately raise triable issues of fact. (Appeal from order of Monroe Supreme Court—sum-

mary judgment.) Present—Cardamone, J. P., Hancock Jr., Schnepp, Callahan and Moule, JJ.