■ In the Matter of ROBERT ROSS, Respondent, v TOWN BOARD OF THE TOWN OF RAMAPO et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Town Board of the Town of Ramapo to terminate his employment, the appeal is from a judgment of the Supreme Court, Rockland County, entered February 15, 1980, which, *inter alia,* granted the application, set aside the determination and ordered petitioner restored to the payroll from the date of the termination of his employment. Judgment affirmed, without costs or disbursements. Petitioner had been employed as a police officer by the appellant Town Board of the Town of Ramapo when he was injured during a fall on January 18, 1976 which rendered him unfit to continue his duties. Subsequently, petitioner applied for an accidental disability retirement allowance pursuant to section 363 of the Retirement and Social Security Law. The application was disapproved on July 20, 1978 by the New York State Policemen's and Firemen's Retirement System (Retirement System) on a finding that "the disability is not the natural and proximate result of an accident sustained in the service upon which his membership is based as alleged in the aforementioned application." The appellants continued to pay petitioner's salary in full from the date of the injury until the town board passed a resolution terminating petitioner's employment as of December 7, 1979. This prompted the petitioner to bring the instant proceeding alleging that the appellants' action was illegal, arbitrary and unreasonable. He sought nullification of the resolution, reinstatement and payment of wages from the date of the termination of his employment. An answering affidavit was interposed by the appellants which conceded that the petitioner's injuries resulted from an accident which occurred while he was on duty, but nevertheless relied on the determination of the Retirement System that the injuries were not service related. Special Term rejected this argument and granted the petition. We affirm. It is well settled that where a police officer sustains service-related injuries he is statutorily invested with benefits under section 207-c of the General Municipal Law which cannot be divested by other than his own acts. Thus, he may not be terminated by a municipality for the purpose of avoiding the obligation to provide those benefits *(Connors v Bowles,* 63 AD2d 956). In·this case the issue is whether the municipality may rely on a finding by another agency of the State, specifically the Retirement System, in order to support a termination of the petitioner under section 73 of the Civil Service Law, which authorizes termination of an employee who has been continuously absent and unable to perform the duties of his position for one year or more, by reason of a disability other than a disability resulting from occupational injury or disease. In this case, we hold that it may not. The reasons are twofold. First, the determination of the Retirement System with regard to this petitioner is not final. Subdivision d of section 374 of the Retirement and Social Security Law embodies a procedure for a hearing and redetermination by the Comptroller upon the request of an applicant who has been denied benefits. The record indicates that petitioner has made such a request, although the hearing has not yet been held. For the town board to base its determination upon this nonfinal finding does not comport with due process. Second, the standards required by the Retirement and Social Security Law and the General Municipal Law for proof of service-related injuries are not alike. As stated in *Matter of Kieper v Fitzgibbons* (91 Misc 2d 1067, 1071), "the standard set by section 363 are more stringent and would be inconsistent with the aforementioned

sections of the General Municipal Law which require full payment of [petitioner's] regular salary until disability arising therefrom has ceased". Appellants' citation to the recent Court of Appeals decision in *Matter of Economico v Village of Pelham* (50 NY2d 120) is inapposite. To be sure, that case did hold that due process does not always require a hearing when a civil service employee is terminated. However, in *Economico,* the petitioner's injury was concededly *not* service related. Thus, the court held that where there were no facts in dispute, the municipality could dismiss its employee pursuant to section 73 of the Civil Service Law without benefit of a hearing. In the instant case, however, there is quite clearly an issue as to whether petitioner's injuries were, in fact, service related. Section 207-c of the General Municipal Law is a remedial statute enacted for the benefit of policemen and should be liberally construed in their favor (cf. *Pease v Colucci,* 59 AD2d 233). It is apparent that the Legislature has seen fit to help compensate these municipal employees whose line of duty often thrusts them into dangerous situations. Appellants herein seek to deny these benefits to the petitioner based upon the finding of another State agency which, as stated, is not yet final and which is predicated upon a different standard of proof. While the doctrines of collateral estoppel and *res judicata* may be applicable to the field of administrative law, it is axiomatic that they may not be applied where the issues or burden of proof differ (see 2 NY Jur 2d, Administrative Law, §§ 152, 153). Accordingly, the judgment of Special Term must be affirmed. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.