■ In the Matter of DONALD H. ELLIOTT, Appellant-Respondent, v CITY OF BINGHAMTON et al., Respondents-Appellants. — Cross appeals from an order and judgment of the Supreme Court at Special Term (Fischer, J.), entered April 12, 1982 in Broome County, which, in a proceeding pursuant to CPLR

article 78, dismissed petitioner's application to direct respondents to pay him benefits pursuant to section 207-c of the General Municipal Law, without prejudice to petitioner's commencement of another proceeding upon exhaustion of his administrative remedies. Petitioner is a member of the police department of the City of Binghamton, New York. Section 207-c of the General Municipal Law provides that when a police officer such as petitioner is injured in the performance of his duties, the municipality by which he is employed must pay him the full amount of his regular salary or wages until his disability has ceased. In order to process claims for benefits filed pursuant to this section, the City of Binghamton, New York, adopted, on or before February 8, 1979, a "Firemen's and Policemen's Disability Procedure" (disability procedure). This disability procedure sets forth the steps which must be followed in making a claim for benefits under section 207-c of the General Municipal Law. Section 201 of the disability procedure provides that no application for disability benefits shall be considered unless a written incident report is filed within 24 hours of the incident claimed to have given rise to the disability. Further, section 211 of the disability procedure provides that: "If the initial determination of the [City's] Commissioner [of Public Safety] is that the applicant is not eligible for such disability benefits then at any time within sixty (60) days after the mailing of such notice, the applicant or his counsel may serve a written demand on the Commissioner for a hearing and redetermination of such application." On June 8, 1981, petitioner filed an application with the City of Binghamton for disability benefits pursuant to section 207-c of the General Municipal Law. By letter dated June 23, 1981, petitioner was advised that his application for benefits had been denied. Petitioner was also advised that if he disagreed with the denial of benefits he "may, within 60 days of the date of this letter, serve a written demand * * * for a hearing and redetermination of [his] application" pursuant to the city's disability procedure, a copy of which was enclosed with the denial letter. By letter dated July 21, 1981, petitioner's attorney sent a letter to the city stating that the previously rejected application was premised on the assumption that the injuries received on May 23, 1981 were in aggravation of some pre-existing condition, but that medical advice now indicated that the injuries in question were received from a separate incident which required a new accident report. An accident report form was therefore filed with the city stating that petitioner, on May 23, 1981, caught his handcuff case on the door of a patrol car, causing a lower back injury. By letter dated July 28, 1981, the city advised petitioner that the letter and accident report form filed on July 21, 1981 did not change the initial negative determination of June 23, 1981. The city noted that petitioner's alleged injury of May 23, 1981 simply did not comport with his medical history. Petitioner failed to serve a demand upon respondents for a hearing and redetermination of the denial of his application for benefits within 60 days of such denial, as required by section 211 of the city's disability procedure. No such demand for a redetermination was even served within 60 days of July 28, 1981, the date the city notified petitioner that that accident report he filed did not alter the initial determination denying him benefits. However, in a statement dated October 15, 1981, petitioner formally demanded that the city pay him full benefits pursuant to section 207-c of the General Municipal Law. When the city did not respond, petitioner commenced the instant proceeding. Petitioner sought an order directing respondents to pay him full statutory benefits until his disability ceased. Respondents contended that petitioner was precluded from collecting such benefits because he had failed to comply with the procedure for collecting such benefits outlined in the city's disability procedure. Special Term held that the 60-day time limit for serving a demand for a hearing and redetermination of benefits, found in section 211 of the

disability procedure, was not a mandatory time requirement, and that petitioner was not time barred from pursuing this administrative remedy. Special Term, therefore, dismissed the petition as premature, without prejudice to petitioner's commencement of another proceeding after exhaustion of his administrative remedies. The instant cross appeals ensued. Petitioner initially contends that respondents do not have the authority to issue regulations governing the procedure to be followed in claiming benefits under section 207-c of the General Municipal Law. This contention must be rejected. Although the above-mentioned statute does not specifically state how an initial determination as to eligibility for benefits is to be made or who is to make it, it is apparent that it intends that such a determination shall be made initially at the municipal level. The Mayor of the City of Binghamton has been vested with all the powers and duties of the Commissioner of Public Safety (Local Laws, 1948, No. 4 of the City of Binghamton). As such, the Mayor has the authority to promulgate and adopt the procedure governing claims for benefits under section 207-c of the General Municipal Law (Second Class Cities Law, §§ 131, 133). We next turn to the issue of whether the 60-day time limit for demanding a hearing, found in section 211 of the city's disability procedure, is a mandatory time limit. Petitioner emphasizes the fact that section 211 of the disability procedure provides that an applicant "may" serve a demand on the commissioner for a hearing within 60 days of the initial determination. Thus, petitioner asserts that an applicant for benefits is allowed to file a demand for a hearing within 60 days of the initial determination, but is *not required* to do so. Such an interpretation is untenable. Whether a statute or regulation is framed in mandatory language is not necessarily of paramount importance in determining whether the provision in question is in fact mandatory or permissive. Rather, the considerations which control are the intent of the provision, gleaned from the entire regulation and the surrounding circumstances, the purpose of the provision, the policy to be promoted, and the results which would obtain if one conclusion were followed to the exclusion of another (see *Matter of 121-129 Broadway Realty v New York State Div. of Human Rights, 43 AD2d 754*). The intent of the instant provision is clear. An applicant for statutory benefits is free to seek a hearing and redetermination of his application following an initial denial thereof. Accordingly, he "may" serve a demand for such a hearing. However, if he intends to pursue his claim following the initial denial, he *must* do so by filing the written demand within 60 days (see *Local 771, I.A.T.S.E., AFL-CIO v RKO Gen., WOR Div., 546 F2d 1107, 1116; Bonnot v Congress of Independent Unions, Local No. 14, 331 F2d 355, 359*). To hold otherwise would require construing the word "may" out of the context of the provision as a whole (see *Matter of Albano v Kirby, 36 NY2d 526, 530*). Contrary to petitioner's assertions, the disability procedure does not unduly restrict a policeman's right to benefits. Rather, it simply regulates, in a reasonable manner, the procedure to be followed in claiming such benefits (cf. *Matter of Ross v Town Bd. of Town of Ramapo, 78 AD2d 656*). Accordingly, having failed to exhaust his administrative remedies, petitioner's article 78 proceeding must be dismissed (*Matter of Plummer v Klepak, 48 NY2d 486, 489*, cert den 445 US 952). Order and judgment modified, on the law, by deleting so much thereof as dismissed the petition "as premature, without prejudice to petitioner seeking further review after exhaustion of administrative remedies", and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll and Levine, JJ., concur.

Yesawich, Jr., J., dissents and votes to affirm in the following memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent. The city's disability procedure improperly divests petitioner of benefits accruing to him under

section 207-c of the General Municipal Law. Nothing in that section authorizes municipalities to interpose additional *mandatory* preconditions to recovery. Reasonable regulations, enacted for the purpose of ensuring that a municipality does in fact have an opportunity to consider a claimant's case, are impliedly permissible under the statute. However, where, as here, the municipal procedure dictates forfeiture of the avails of section 207-c if the city's procedure is not complied with, the city has exceeded its authority. A municipality is powerless to deny an officer, who sustains service-related injuries, entitlement to full section 207-c benefits (*Matter of Ross v Town Bd. of Town of Ramapo,* 78 AD2d 656; *Connors v Bowles,* 63 AD2d 956; see 1979 Opns St Comp 356). To the extent that the disability procedure adopted by the city enables it to nullify or limit those police officer's statutorily invested right to acquire those benefits, it contravenes the purpose of section 207-c and is legally unsupportable. Moreover, section 207-c is remedial in nature and was enacted with the intention of assisting policemen like petitioner, hence it should be liberally construed in their favor (*Matter of Ross, supra,* p 657). Special Term's order and judgment should, therefore, be affirmed.