JAMES J. FOTIS AND DEIRDRE A. FOTIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fotis v. Commissioner
Docket No. 21824-87.
United States Tax Court
T.C. Memo 1989-287; 1989 Tax Ct. Memo LEXIS 287; 57 T.C.M. (CCH) 695; T.C.M. (RIA) 89287; June 14, 1989; As corrected July 19, 1989 Wayne J. Schaefer, for the petitioners. Peggy Gartenbaum, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' income tax for 1982 in the amount of $ 1,019. The issue for decision is whether petitioners are entitled to exclude from gross income salary payments which petitioner James J. Fotis received from the Incorporated Village of Lynbrook for the period September 3, 1982, to November 7, 1982, while he was disabled as the result of an injury which he received in the performance of his duties as a policeman. All of the facts are stipulated. At the time the petition was filed, petitioners were legal residents of Setauket, New York. They filed a joint income tax return for 1982. During 1982, James J. Fotis, hereinafter petitioner, was employed as a police officer by the Village of Lynbrook (Lynbrook or the Village) and was a member of the Village of Lynbrook Police Benevolent Association, Inc. (PBA). On September 3, 1982, petitioner sustained an injury to his right knee while in the line of duty as a police officer. *289 As a result of the injury, petitioner was unable to work from September 3, 1982, until November 7, 1982. On September 8, 1982, Lynbrook filed with the State Workers' Compensation Board what the stipulation refers to as a "claim" for workers' compensation benefits for disability from employment arising from petitioner's September 3, 1982, injury. While the claim was pending, Lynbrook paid petitioner his full salary for the period September 3, 1982, to November 7, 1982. On October 20, 1982, Lynbrook filed a claim with the Workers' Compensation Board seeking reimbursement for payments up to that date. On July 11, 1984, Lynbrook filed a similar reimbursement claim which included the period October 20, 1982, to November 8, 1982. A Workers' Compensation Board hearing was held on January 23, 1985, and a decision was filed on January 31, 1985. The Board made an award to Lynbrook of $ 215 per week for the period September 4, 1982, to September 26, 1982, for petitioner's temporary total disability and $ 105 per week for permanent partial disability for the period September 26, 1982, through November 7, 1982. Section 61(a) [1] states that, except as otherwise provided by law, gross income *290 means all income from whatever source derived, including compensation for services. Under section 104(a)(1), however, "amounts received under workmen's compensation acts as compensation for personal injuries or sickness" are excluded from gross income. Section 1.104-1(b), Income Tax Regs., interprets the latter section to exclude from gross income any amounts received by an employee under a workmen's compensation act * * * or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment. Petitioner contends that he received the payments for the period September 3, 1982, through November 7, 1982 "under a statute in the nature of a workmen's compensation act" within the meaning of this regulation and that the payments are, therefore, excluded from his gross income for 1982. To support his contention, petitioner relies upon N.Y. Gen. Mun. Law, sec. 207-c *291 (McKinney's 1974 supp.) (hereinafter GML section 207-c) which provides: 1. Any * * * member of a police force of any * * * village * * * who is injured in the performance of his duties * * * shall be paid by the municipality by which he is employed the full amount of his regular salary or wages until his disability arising therefrom has ceased * * *. Petitioner points out that he was a "member of a police force" of a "village," was injured in "the performance of his duties," and was paid the full amount of his regular salary while he was disabled. He argues that he is, therefore, entitled to the section 104(a)(1) exclusion. Respondent argues that petitioner was not paid "under" the New York "statute" but was paid under an agreement, effective for the period June 1, 1982, through May 31, 1984, between the Lynbrook Police Benevolent Association, Inc. and Lynbrook (sometimes the PBA agreement). That agreement contains the following provision: A. In accordance with the present procedures, employees shall be entitled to unlimited sick leave for the full period of incapacity due to illness, injury or any mental or physical defect whether or not service connected. Respondent *292 argues that the PBA agreement is a labor contract and not a workmen's compensation act or a statute in the nature of a workmen's compensation act. Because the payments were made under the agreement rather than a statute, the argument goes, the payments are not excludable from gross income pursuant to section 104(a)(1). Respondent relies heavily on Rutter v. Commissioner,760 F.2d 466 (2d Cir. 1985), affg. a Memorandum Opinion of this Court, to support his position that payments made under a labor contract are not made under a workmen's compensation "act" or a "statute" in the nature of a workmen's compensation act within the meaning of section 104(a)(1) and the related regulations. As we read GML section 207-c, it is the kind of statute referred to in the above-quoted regulation as one "in the nature of a workmen's compensation act" and petitioner is entitled to the section 104(a)(1) exclusion. As explained by the court in Rutter v. Commissioner,760 F.2d at 468: In determining whether such payments are excludable from gross income, the regulation charges us to look to the nature of the statute, rather than the source of the injury, and a statute *293 that does not distinguish between work-related injuries and other types of injuries is not "in the nature of a workmen's compensation statute." The converse of this rule was stated in Take v. Commissioner,804 F.2d 553, 557 (9th Cir. 1986), affg. 82 T.C. 630 (1984), as follows: Conversely, a law that conditions eligibility for benefits on the existence of a work-related injury or sickness may qualify as a "workmen's compensation act" for the purposes of section 104, even though those benefits are styled as "disability retirement benefits." * * * See also Haar v. Commissioner,78 T.C. 864, 867-868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983). GML section 207-c complies with this legal standard. That section distinguishes between work-related injuries and other types of injuries and provides benefits only where a policeman "is injured in the performance of his duties * * *." The full amount of his salary or wages is to be paid only "until his disability arising therefrom has ceased * * *." As explained by the court in Ross v. Town Bd. of Town of Ramapo,78 A.D.2d 656, 432 N.Y.S.2d 229, 230 (1980), *294 where a policeman was injured and his municipality-employer sought to terminate his employment: It is well settled that where a police officer sustains service-related injuries he is statutorily invested with benefits under section 207-c of the General Municipal Law which cannot be divested by other than his own acts. Thus, he may not be terminated by a municipality for the purpose of avoiding the obligation to provide those benefits. We hold that GMLsection 207-c is a "statute in the nature of a workmen's compensation act" within the meaning of the regulation. Our conclusion is reinforced by the fact that Lynbrook applied for and received from the State Workers" Compensation Board partial reimbursement for the amounts it paid petitioner during the period of his disability. The stipulated reimbursement claims filed by Lynbrook show that they were made pursuant to section 25 of the Workmen's Compensation Law. Section 25-1(a) of that law provides that, if an employer or insurance carrier does not controvert a worker's right to compensation, such employer or insurance carrier shall begin paying compensation to the employee and shall immediately notify the Chairman of the Workers' *295 Compensation Board. The September 8, 1982, paper filed by Lynbrook was apparently the notification referred to in the statute. Section 25-4 of the Workmen's Compensation Law provides that an employer who has made advance payments of benefits shall be entitled to reimbursement out of installments due under an award. Section 30 of that law authorizes the crediting of any award with any salary or wages paid by a village to a policeman during the period of his disability. Thus, both Lynbrook and the Workers' Compensation Board treated petitioner's case as a workmen's compensation act claim or one in the nature of such a claim. Respondent makes a series of arguments which, in our view, lack merit. The thesis of his arguments is that the payments were made under the PBA agreement rather than GML section 207-c. First, he argues that the Workers' Compensation Board found that petitioner was only partially disabled after September 26, 1982, and was, therefore, able to perform light duty after that date. Respondent points out that GML section 207-c(3) provides that an officer's full salary will be discontinued if the officer is able to perform light police duty but refuses to do so. *296 Because petitioner was only partially disabled and was able to perform light duty and was, nonetheless, paid his full salary, respondent argues that petitioner could only have been paid under the PBA agreement. The record does not, however, show that petitioner was requested or refused to perform light duty. Moreover, the parties expressly stipulated: 7. As a result of the accident of September 3, 1982, the petitioner was unable to work from September 3, 1982 until November 7, 1982. Ignoring this stipulation would be grossly unjust. We decline to do so. We deem respondent bound by the stipulation. Kampel v. Commissioner,634 F.2d 708, 710 n.3 (2d Cir. 1980), affg. 72 T.C. 827 (1979), and cases cited. Next, respondent points out that the PBA agreement refers to other New York statutes but does not mention GML section 207-c. The PBA agreement provides that the retirement plan for employees hired on or after June 1, 1980, may be that described in section 384 of the Retirement and Social Security Law for certain employees. The PBA agreement further states that Lynbrook will continue to provide the present death benefits contained in section *297 208-b of the General Municipal Law as well as the guaranteed ordinary death benefit authorized by section 360-b of the Retirement and Social Security Law. Because the PBA agreement omits any reference to GML section 207-c and includes the references to the other statutes, respondent would have us conclude that, if the drafters of the PBA agreement wished to have the police officers covered by GML section 207-c, they would have so provided. Because they did not do so, respondent argues that GMLsection 207-c was, in effect, waived by the PBA agreement and the payments were, therefore, made to petitioner pursuant to the PBA agreement rather than a statute as required by the regulation as a condition to petitioner's claimed exclusion. An examination of the language of the three statutes cited by respondent shows that they create no vested rights in employees. They merely authorize certain benefits. As part of the PBA agreement, the parties defined the rights the employees were to have. In contrast, GML section 207-c is not an elective or voluntary provision. It creates vested rights. Where a policeman is injured in the performance of his duties, GML section 207-c invests him with *298 benefits "which cannot be divested by other than his own acts." Ross v. Town Bd. of Town of Ramapo,78 A.D.2d 656, 432 N.Y.S.2d 229, 230 (1980); Connors v. Bowles,63 A.D.2d 956, 405 N.Y.S.2d 762, 763 (1978). There is no evidence that petitioner waived any of his rights under GML section 207-c through the PBA agreement or otherwise. As respondent emphasizes, the PBA agreement does not mention GML section 207-c and the agreement specifically provides: This agreement shall not be construed as a waiver of any right or benefit to which an employee is entitled by law. Thus, the PBA agreement does not waive any of petitioner's GML section 207-c rights. Respondent's heavy reliance on Rutter v. Commissioner,760 F.2d 466 (2d Cir. 1985), affg. a Memorandum Opinion of this Court, is misplaced. The case is distinguishable. In that case, the taxpayer, a policeman, received sick leave payments from New York City during a period when he was disabled due to an injury sustained in the performance of his duties. GML section 207-c does not apply to New York City; it applies only to "any member of a police force of any county, city of less *299 than one million population, town or village" or agency thereof. Under the New York City scheme, provided for policemen by the Administrative Code of the City of New York, section 434a-14.0(c), all sick leave was compensated whether work related or not. The taxpayer argued that his payments qualified for the section 104(a) exclusion because they were in fact the result of a work-related injury. A labor contract between the City and the Patrolmen's Benevolent Association of New York provided for payments for work-related injuries, and the parties stipulated that the taxpayer's benefits were paid under that contract. The Court of Appeals in Rutter, holding that the taxpayer was not entitled to the exclusion, emphasized that section 104(a)(1) allows the exclusion from gross income of only payments received under workmen's compensation "acts" and the regulation, section 1.104-1(b), Income Tax Regs., interprets the statutory language to include payments "under a statute in the nature of a workmen's compensation act." Because the taxpayer's payments were received pursuant to a labor contract, they were not received under a workmen's compensation act or any other statute. Further, *300 the Court of Appeals reasoned that the regulation focuses on the statute authorizing the payment rather than the source of the injury. A statute, such as the Administrative Code provision referred to above, which does not distinguish between work-related and other types of injury, the court explained, is not "in the nature of a workmen's compensation statute." In the instant case, as in Rutter, both a statute and a labor contract (i.e., in the instant case, the PBA agreement) authorized the payments, but the parties in the instant case have not, as they did in Rutter, stipulated that the payments to petitioner were made pursuant to a labor contract. Moreover, in the instant case, GML section 207-c, as discussed above, vested petitioner with a statutory right to compensation if, and only if, he was injured in the performance of his duties. The PBA agreement preserved, did not waive, that statutory right. Lynbrook made the disability payments to petitioner as directed by GML section 207-c and claimed and received partial reimbursement therefor from the State Workers' Compensation Board. Had Lynbrook made the payments under the PBA agreement, we have not found, and respondent *301 has not cited, any authorization for Lynbrook to claim or receive reimbursement for the payments from the State Workers' Compensation Board. We hold that GMLsection 207-c is a statute "in the nature of a workmen's compensation act" within the meaning of section 1.104-1(b), Income Tax Regs., and that petitioner is entitled to exclude the disputed payments from his gross income. Decision will be entered for the petitioners.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩