■ In the Matter of LUDLOW'S SANITARY LANDFILL, INC., Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.—Judgment unanimously affirmed, without costs. Memorandum: In July 1982 petitioner entered into a consent order with the Department of Environmental Conservation (DEC) in which it acknowledged that it did not have a

valid permit to operate its sanitary landfill (6 NYCRR 360.2 [b]) and that the landfill was not in compliance with 10 separate Department regulations, resulting in a $10,000 civil penalty. Under the terms of the order the DEC agreed to suspend the civil penalty until October 1, 1983 and to extinguish it thereafter, provided that petitioner submit certain engineering reports and plans to bring the landfill into compliance with DEC guidelines and either commence construction of a leachate treatment system by April 1, 1983 or submit plans for closure of the landfill by January 31, 1983. In February 1983 the DEC gave petitioner written notice that it intended to vacate suspension of the civil penalty because of petitioner's failure to submit a plan for leachate treatment, a hydrogeologic study, or a completed permit application as required under the terms of the consent order. Petitioner requested an extension of time in which to comply and, when that was denied, requested a hearing, which was also denied. Petitioner then commenced this CPLR article 78 proceeding to annul the Commissioner's determination.

The Commissioner's determination must be upheld unless petitioner can demonstrate that it is arbitrary or capricious, that is, without foundation in fact or reason (see, Matter of Pell v Board of Educ., 34 NY2d 222). There is ample foundation in the record to support the Commissioner's decision to vacate suspension of the penalty. Petitioner admitted that it had entered into a similar consent order in July 1979 to construct a system to control the migration of leachate at the landfill by September 1, 1979. Petitioner's failure to comply with that order necessitated the July 1982 consent order. The DEC was meticulous in detailing the numerous deficiencies in the plans and proposals submitted by petitioner and the manner in which it failed to comply with the terms of the consent order.

It was not a violation of due process to deny petitioner a hearing. Pursuant to the terms of the consent order, petitioner waived its right to a hearing (ECL 71-2703 [1]; 6 NYCRR part 622) as consideration for the department's agreement to suspend the civil penalty and to grant petitioner further time to bring the landfill into compliance with DEC regulations. Further, the Commissioner is empowered to enact regulations requiring that petitioner obtain a permit for operation of the landfill (Town of Junius v Flacke, 71 AD2d 423, affd on opn below 53 NY2d 616). We find petitioner's other arguments to be without merit. (Appeal from judgment of Supreme Court, Oneida County, Roy, J.—art 78.) Present—Hancock, Jr., J. P., Doerr, Denman, O'Donnell and Schnepp, JJ.