■ HENRY G. WILLIAMS, as Commissioner of Environmental Conservation of the State of New York, et al., Appellants, v LUDLOW'S SAND AND GRAVEL COMPANY, INC., et al., Respondents.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Oneida County, for further proceedings, in accordance with the following memorandum: Plaintiff Commissioner of Environmental Conservation appeals from an order denying his motion for partial summary judgment on

the first five causes of action against defendants, owners and operators of a sanitary landfill in Oneida County, New York, and granting defendants' cross motion for leave to serve an amended answer containing nine affirmative defenses. The first five causes of action were brought by the Commissioner, and the remaining three causes of action were brought by the State of New York, which has not participated at any stage of these motions.

In July 1982, defendants entered into a consent order with the Commissioner. The order recited requirements promulgated by the Department of Environmental Conservation as 6 NYCRR part 360, recited observed violations at the landfill, that defendants did not have a valid part 360 permit and had not submitted a completed application, that leachate was entering regulated wetlands in violation of groundwater quality standards established by ECL, that the parties had entered into a consent order in 1979 with which defendants had not complied, and that defendants waived a hearing with respect to violation of the first consent order. The July 1982 order required that defendants conduct a complete hydrogeologic study and submit preliminary results by July 16, 1982 (two weeks after the parties signed the consent order), and that by August 2, 1982, defendants notify the Department whether it elected to upgrade and continue the landfill, or close it. Each option was accompanied by a timetable. Monitoring wells were required, and by September 1, 1982 defendants were required to submit conceptual plans for a leachate treatment and collection system. Defendants had 30 days to submit other required information unless the time was extended by the Department. The order imposed a civil penalty of $10,000, suspended until October 1, 1983 and thereafter extinguished, but the Department could vacate the suspension and assess the penalty or any part of it after giving defendants a chance to submit a written explanation. Defendants agreed to comply with ECL article 27 and all rules and regulations promulgated thereunder, and were obligated to apply for and obtain any and all other necessary permits. Change in the order required a written order of the Commissioner.

On February 9, 1983 the Commissioner's agent gave defendant 10 days to explain their noncompliance with the consent order, in the absence of which the suspended fine would be imposed. On or about February 25, 1983, after rejecting defendants' written explanation, the Commissioner vacated the suspension of the $10,000 penalty provided for in the consent order. Defendants unsuccessfully sought reversal of that deter-

mination in a CPLR article 78 proceeding. We affirmed (Matter of Ludlow's Sanitary Landfill v New York State Dept. of Envtl. Conservation, 112 AD2d 8).

Plaintiff's only contention on appeal is that the court erred in denying its motion because defendants failed to raise any factual issue (see, Zuckerman v City of New York, 49 NY2d 557).

We agree. The court therefore erred in denying plaintiff's motion for partial summary judgment, and plaintiff is entitled to the statutory penalty, pursuant to ECL 71-2703, sought in the second and fifth causes of action, for the violations alleged in the first and third causes of action which occurred after July 2, 1982, the date the consent order was signed. The matter is remitted to Special Term for the imposition of those penalties. Plaintiff also is entitled to the $10,000 penalty, which was imposed pursuant to the terms of the consent order, but is not entitled to interest from the date on which he vacated suspension of the penalty.

We affirm the grant of defendants' cross motion for leave to serve an amended answer, because in the absence of prejudice or surprise, neither of which is present here, leave to amend should be freely granted unless the proposed amendment is clearly and patently insufficient on its face (Newton v Aqua Flo Co., 106 AD2d 919, 920). (Appeal from order of Supreme Court, Oneida County, Tenney, J.—partial summary judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.