■ STATE OF NEW YORK et al., Appellants-Respondents, v TOWN OF WOLCOTT, Respondent-Appellant. [706 NYS2d 557] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action against defendant for alleged violations of a 1992 Consent Order and a 1995 Order of Modification. The underlying dispute involves a municipal landfill that stopped accepting waste in 1991. Supreme Court denied plaintiffs' motion for summary judgment seeking payment of a stipulated suspended penalty of $80,000 and injunctive relief directing closure of the landfill. The court also denied defendant's cross motion for partial summary judgment seeking an order directing plaintiffs to accept a closure plan prepared by defendant.

In the first cause of action, plaintiffs allege that defendant failed to place intermediate cover on the landfill in accordance with a schedule set forth in the 1992 Consent Order and 1995 Order of Modification. Defendant concedes that temporary cover was not placed on the landfill in a timely manner, and thus plaintiffs are entitled to summary judgment on the first cause of action.

We reject the contention of defendant that its failure to comply with various deadlines found in the two orders is attributable to the action of plaintiffs in expanding the boundaries of the landfill and thus expanding the scope of the various reports and studies that would lead to closure of the landfill. Defendant was required to complete installation of intermediate cover at the landfill by June 1, 1995; plaintiffs did not notify defendant that they intended to expand the boundaries of the landfill until November 1996.

Plaintiffs are not entitled to summary judgment on the second through seventh causes of action, which allege further violations of the 1992 Consent Order and 1995 Order of Modification. There is an issue of fact whether plaintiffs caused or contributed to defendant's failure to comply with the requirements of the orders. Nor are plaintiffs entitled to summary judgment on the eighth cause of action seeking injunctive relief. That cause of action seeks specific performance of the 1995 Order of Modification by directing defendant to submit immediately an "approvable" closure/post-closure plan to plaintiffs and to complete closure of the landfill no later than November 1, 1997. Because that deadline has already passed, we cannot grant plaintiffs' request for specific performance.

The court properly denied defendant's cross motion for partial summary judgment. There is an issue of fact whether

plaintiffs acted in an arbitrary and capricious manner by revoking acceptance of the Closure Investigation Report prepared by defendant, allegedly because of the identification of a Drum Disposal Area northwest of the landfill site. The parties have submitted conflicting evidence whether the Drum Disposal Area was part of the original landfill site that defendant operated from 1982 until 1991. We also reject defendant's request that the stipulated penalty be waived because of defendant's limited resources. Summary judgment is an appropriate remedy in the enforcement of agency authority, orders and penalties. There is no reason, on this record, to disregard a penalty provision that was negotiated between the parties (*see generally, Williams v Ludlow's Sand & Gravel Co.*, 122 AD2d 612, 614, *lv dismissed* 68 NY2d 997).

Thus, we modify the order and judgment by granting that part of plaintiffs' motion seeking summary judgment on the first cause of action and directing defendant to pay the stipulated penalty of $80,000 and otherwise affirm. (Appeals from Order and Judgment of Supreme Court, Wayne County, Kehoe, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.