■ NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents, v MICHAEL D. O'NEILL et al., Appellants. [709 NYS2d 280] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiffs' motion seeking summary judgment and dismissal of the affirmative defenses and counterclaims, thereby enforcing the parties' consent order (*see, Williams v Ludlow's Sand & Gravel Co.*, 122 AD2d 612, 614, *lv dismissed* 68 NY2d 997). Defendants operated a compost facility in the Town of Cato in Cayuga County. The parties signed a consent order requiring defendants to pay a stipulated fine of $20,000; to cease accepting any materials at the site; to complete the composting of materials present at the site; to remove any remaining materials not properly composted to a facility authorized to accept the waste; to remove all properly composted materials; to submit a remediation plan that included, *inter alia,* site drainage and re-vegetation plans; and to submit any amended plans within the time period required by plaintiffs. Thereafter, defendants paid a portion of the fine, ceased accepting composting materials, but did accept food products for an enterprise not related to the compost facility, and submitted a proposed remediation plan. Plaintiffs rejected defendants' proposed plan and extended the time for defendants to submit an amended

plan. When defendants failed to submit an amended plan by the extension date, plaintiffs, by letter, required the submission of an amended plan within seven days and removal of the materials from the site by a specified date. Defendants failed to comply with either condition, and plaintiffs commenced this action to enforce the consent order. In granting plaintiffs' motions, the court required defendants to remediate and close the solid waste disposal plant and to pay fines and stipulated penalties in the amount of $600 per day, from January 15, 1997 to January 26, 1999.

We reject the contention of defendants that the terms of plaintiffs' letter rendered them unable to comply with the terms of the consent order; the letter merely reiterated the terms of the consent order (*cf., State of New York v Town of Wolcott*, 270 AD2d 931). The court properly determined that, pursuant to the consent order, the goal of the parties was to close the facility and not, as defendants contend, to permit defendants to resume its operation. Moreover, the court properly directed defendants to pay the fines and civil penalties to which the parties stipulated in the consent order. Contrary to defendants' contention, the *force majeure* clause of the consent order was not implicated by plaintiffs' actions, and, in any event, defendants failed to invoke the clause as required by the consent order. Finally, defendants have abandoned any issues with respect to those affirmative defenses and counterclaims that are not addressed on appeal (*see, Karas v Corning Hosp.* [appeal No. 1], 262 AD2d 1039), and we conclude that the court properly dismissed those affirmative defenses and counterclaims that are addressed on appeal. (Appeal from Judgment of Supreme Court, Cayuga County, Bender, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.