STATE OF NEW YORK et al., Appellants, v TOWN OF WALLKILL, Respondent.

Third Department, July 25, 1991

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Frederick W. Turner* of counsel), for appellants.

*Monte J. Rosenstein* for respondent.

### OPINION OF THE COURT

CASEY, J. P.

Defendant owns and operates the Wallkill Sewage Treatment Plant subject to the conditions imposed in a State pollutant discharge elimination system permit issued by plaintiff Department of Environmental Conservation (hereinafter DEC) pursuant to ECL article 17. From time to time prior to July 1, 1988, defendant's plant violated the conditions of the permit, resulting in a penalty assessment of $10,000. Defendant and plaintiff Commissioner of Environmental Conservation entered into a consent order suspending the penalty, provided that defendant comply with a schedule relating to the construction of a new sewage treatment facility which would comply with the conditions of the permit. Defendant undertook the construction of a new facility, but was unable to comply with the agreed-upon schedule due to cost overruns, flaws in the initial design and delays in excavation caused by hitting bedrock. As a result, defendant was unable to comply

with the permit conditions by July 1, 1988, the date fixed in a modified schedule of compliance.

Plaintiffs commenced this action pursuant to ECL article 17 to compel defendant's compliance with the conditions of the permit, to enforce the penalty provision of the consent orders and to have the court impose civil penalties against defendant. Supreme Court granted partial summary judgment in favor of plaintiffs on the issue of liability and, with the consent of the parties, ordered that defendant complete construction of its new plant by August 1, 1989 and be in compliance with the permit conditions by November 1, 1989. A hearing was held to determine the penalties to be assessed against defendant. Based upon its finding that defendant acted in good faith and without willful misconduct in attempting to meet the modified schedule of compliance agreed upon by the parties, Supreme Court refused to assess any penalty against defendant other than a $500 per day penalty for each day after December 31, 1989 that defendant's new plant was not complete and operating. Plaintiffs appeal.

■ ■ We agree with plaintiffs' contention that Supreme Court erred in failing to impose the $10,000 fine specified in the parties' consent order, as defendant had contractually bound itself to pay the fine (see, ECL 71-1929 [1]; *Williams v Ludlow's Sand & Gravel Co.*, 122 AD2d 612, *lv dismissed* 68 NY2d 997). We disagree, however, with plaintiffs' contention that, once the court found defendant to be in violation of the conditions of the permit, a penalty of up to $25,000 per day had to be imposed pursuant to ECL 71-1929. We conclude that the question of whether to impose a penalty, as well as the amount thereof, is a matter which rests in the discretion of the court.

ECL 71-1935 provides that the penalty established by ECL 71-1929 cannot be imposed in certain emergency circumstances. The statute does not provide that the penalty established by ECL 71-1929 must be imposed unless the circumstances constitute one of the defined emergencies. Nor does the use of the word "shall" in ECL 71-1929 (1) necessarily mean that Supreme Court has no discretion in deciding whether to impose the penalty (see, McKinney's Cons Laws of NY, Book 1, Statutes § 171). "[T]he line between mandatory and directory statutes cannot be drawn with precision" *(People v Karr,* 240 NY 348, 351; *accord, Matter of King v Carey,* 57 NY2d 505, 513). As this court said in *Matter of Elliott v City of Binghamton* (94 AD2d 887, *affd* 61 NY2d 920): "Whether a

statute * * * is framed in mandatory language is not neces-
sarily of paramount importance in determining whether the
provision in question is in fact mandatory or permissive.
Rather, the considerations which control are the intent of the
provision, gleaned from the entire [statute] and the surround-
ing circumstances, the purpose of the provision, the policy to
be promoted, and the results which would obtain if one
conclusion were followed to the exclusion of another" *(supra,*
at 889).

In the case at bar, it is clear from the over-all statutory
scheme that the legislative intent behind ECL 71-1929, which
is contained in the "Enforcement" article of the Environmen-
tal Conservation Law, is to provide a means for securing
compliance with certain substantive provisions of the Environ-
mental Conservation Law, including those pertaining to State
pollutant discharge elimination system permits. The purpose
of the civil penalty is not to generate revenue. Rather, the
penalty is punitive in nature, serving the purposes of both
retribution and deterrence, in addition to restitution *(see, Tull
v United States,* 481 US 412, 422-423 [nature of civil penalty
provisions contained in the Clean Water Act]). Voluntary
compliance with the substantive requirements of the Environ-
mental Conservation Law appears to be the policy underlying
the entire enforcement scheme, including the civil penalty
provision.

It is our view that the intent and purpose of ECL 71-1929,
as well as the underlying policy of voluntary compliance,
would better be served by according Supreme Court not only
the discretion to fix the amount of the penalty, but also the
discretion to decide whether to impose a penalty in the first
place. Support for this conclusion can be found in the Legisla-
ture's decision not to fix a minimum amount for the civil
penalty. Assuming that the imposition of a penalty was man-
datory, Supreme Court would nevertheless have the discretion
to fix the penalty at any amount greater than zero up to the
current maximum of $25,000 per day of violation. If the facts
and circumstances were appropriate, Supreme Court could
exercise this discretion by imposing a nominal penalty of $1
or less per day of violation. Such a nominal penalty would not
serve the purposes of retribution, deterrence and restitution,
nor promote the policy of voluntary compliance; therefore, it
would only be imposed where the violator acted in good faith
to comply voluntarily with the relevant requirements, but was
frustrated, through no fault of his own, by unanticipated

events which left him no alternative to the violation. Because the Legislature has authorized Supreme Court to impose a range of penalties which includes a nominal penalty that would not serve the purposes and policy of the civil penalty provision, we conclude that the Legislature intended Supreme Court to have the discretion to impose no penalty at all if warranted by the facts and circumstances surrounding the violation. Had the Legislature intended to impose a penalty for all violations, regardless of the nature of the violation and the surrounding facts and circumstances, it could easily have included a minimum penalty amount, as well as a maximum.

■ Supreme Court decided not to impose a penalty because defendant acted in good faith, made diligent efforts to comply with the requirements of its permit and was frustrated by unanticipated events beyond its control, leaving it with no alternative other than to continue its discharge of effluent into the Wallkill River while it worked to bring its new facility on line. The court noted that other municipalities in the vicinity were having compliance problems, and it is also noteworthy that the penalty would be paid out of the pockets of one set of taxpayers, those in the Town of Wallkill, and into the coffers of another set of taxpayers, all New Yorkers. Despite the court's erroneous reference to ECL 71-1935, which is irrelevant to this case, Supreme Court did not abuse its discretion in deciding not to impose a civil penalty pursuant to ECL 71-1929.

CREW III, J. (concurring in part and dissenting in part). We agree with the majority that Supreme Court erred in failing to impose the $10,000 fine contained in the parties' consent order. We also agree that the facts and circumstances of this case do not come within the "other catastrophe" provision of ECL 71-1935. We disagree, however, with the majority's conclusion that the statutory scheme in question provided Supreme Court the option to impose no penalties for defendant's noncompliance with the conditions of its permit.

It is noted that plaintiff Commissioner of Environmental Conservation has broad discretion in issuing permits with conditions therewith (see, ECL 17-0303 [4] [d], [e]) and in assessing a penalty for violations of the conditions of such a permit in an administrative forum (see, ECL 71-1701, 71-1721, 71-1725). However, under the statutory scheme provided by ECL 71-1901, 71-1929 and 71-4003, where, as here, an action has been commenced by the Attorney-General, the court must

determine the amount of the penalty to be assessed against a permit violator *(see generally, Tull v United States,* 481 US 412; *Flacke v Bio-Tech Mills,* 95 AD2d 916, *lv denied* 60 NY2d 553). ECL 71-1929 (1) provides, in pertinent part, that "[a] person who violates * * * the terms of any permit issued [pursuant to title 8 of article 17] *shall be liable [for] a penalty * * ** not to exceed [$25,000] per day *for each violation * * *.* Violation of a permit condition *shall* constitute grounds for revocation of such permit * * * or *[an] additional civil penalty in an action brought [by the Attorney-General]"* (emphasis supplied). Such additional penalty shall not be more than $500 for the initial violation, nor more than $500 for each day during which such violation continues (ECL 71-4003).

At the hearing to determine penalties, defendant conceded that it was not in compliance with the conditions of its permit, that it did not meet the conditions provided by the parties' modified consent order and that it was in violation of Supreme Court's May 4, 1989 order relating to compliance with its permit. Given these admissions, it is our view that Supreme Court was required to assess a penalty for each permit violation of which it found defendant guilty *(see,* ECL 71-1929 [1]). Additionally, the court was required to assess a penalty of not more than $500 against defendant for violating the conditions of its permit and an additional penalty of not more than $500 against defendant for each day it continued to violate the conditions of its permit *(see,* ECL 71-1929 [1]; 71-4003). Although the amount of the penalty to be assessed must be within the maximum limits provided by the statute, the court may exercise its discretion in determining the specific amount of the penalty to be assessed, taking into consideration such factors as unforeseen or extraordinary events which prevented defendant from complying with its permit conditions. While our authority on this appeal is as broad as the trial court and we may render a judgment as warranted by the facts revealed at a bench trial *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499), we are unable to determine on which days defendant was not in compliance with its permit or the number of violations on each of said days because these issues were not developed at the hearing. Therefore, we would remit the matter to Supreme Court for a fact-finding hearing as to those days that defendant was not in compliance with its permit, the number of violations for each day that defendant was not in compliance and an assessment of penalties for each such violation.

MIKOLL and MERCURE, JJ., concur with CASEY, J. P.; CREW III and YESAWICH, JR., JJ., concur in part and dissent in part in an opinion by CREW III, J.

Ordered that the order and judgment are modified, on the law, without costs, by imposing the $10,000 fine agreed upon by the parties in their consent order, and, as so modified, affirmed.