■■■ E. Gordon Potter, Appellant, v Frank G. Zimber, Respondent. [764 NYS2d 736] —Appeal from an order of Supreme Court, Ontario County (Doran, J.), entered November 27, 2002, which granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained when defendant's dog entered the roadway where plaintiff was driving his motorcycle. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). It has generally been held that "a plaintiff cannot recover for injuries resulting from the presence of a dog in the highway absent evidence that the defendant was aware of the animal's vicious propensities or of its habit of interfering with traffic" (*Staller v Westfall*, 225 AD2d 885, 885 [1996]; *see Sinon v Anastasi*, 244 AD2d 973 [1997]; *see generally Young v Wyman*, 159 AD2d 792 [1990], *affd* 76 NY2d 1009 [1990]). Thus, a defendant seeking summary judgment dismissing the complaint must establish that his or her "dog was neither vicious nor interfered with traffic" (*Elmore v Wukovits*, 288 AD2d 875, 875 [2001]; *see Sinon*, 244 AD2d 973 [1997]).

Defendant failed to submit evidence establishing that his dog did not interfere with traffic. In support of the motion, defendant submitted an affidavit stating in pertinent part that "Cinder was a nice, friendly, loving dog that was good with

people. She never was a mean or aggressive dog, and liked people. She never bit or attacked anyone before, or acted vicious in any way[ ] towards anyone." Nothing in defendant's affidavit addresses whether the dog had ever interfered with traffic. That failure requires denial of the motion, regardless of the sufficiency of plaintiff's opposing papers (see *Alvarez*, 68 NY2d at 324; *Winegrad*, 64 NY2d at 853). Present—Green, J.P., Pine, Wisner and Hayes, JJ.