■ Elissa Abreu, Respondent-Appellant, v Barkin and Associates Realty, Inc., et al., Appellants-Respondents. [893 NYS2d 25]—

Plaintiff's claim alleging defendants' conversion of a customer list and contact information upon their termination of her employment should have been dismissed for lack of any evidence supporting her claim that she could have earned $750,000 in commissions were she in possession of these items. Summary judgment was appropriately denied with respect to the remainder of the complaint. Concerning the alleged conversion of plaintiff's personal effects, an issue of fact exists as to whether defendants gave plaintiff a reasonable opportunity to retrieve her effects after the termination. Regarding plaintiff's claim for unpaid commissions and defendants' assertion that the commissions were forfeited under the faithless servant doctrine, there is an issue of fact as to whether defendants knew that plaintiff's

husband had established a competing business (using marital assets to do so) and was soliciting defendants' clients. If defendants had no such knowledge, and plaintiff failed to divulge this information, she omitted "to disclose any interest which would naturally influence [her] conduct in dealing with the subject of the employment" and would thereby forfeit her right to compensation (*Murray v Beard*, 102 NY 505, 508 [1886]).

The denial of defendants' request to adjourn the trial has been rendered moot by the stay of the trial that has been in effect pending this appeal. Plaintiff's notice of expert disclosure was properly stricken. The subject of the disclosure—how much work plaintiff needed to do to be entitled to commissions—is an issue that turns on the terms of the alleged oral contract between the parties, and does not otherwise appear to be an appropriate subject of expert opinion.

We reject defendants' argument that plaintiff's failure to provide a fully supported counterstatement of disputed facts in opposition to defendants' motion for summary judgment, in accordance with rule 19-a of the Rules of Practice for the Commercial Division of the Supreme Court (22 NYCRR 202.70), required the court to deem defendants' statement of material facts admitted. While the rule gives a motion court the discretion to deem facts admitted, the court is not required to do so. There was sufficient evidence in the record to raise triable issues of fact and the court was not compelled to grant summary judgment solely on the basis of blind adherence to the procedure set forth in rule 19-a. *Moonstone Judge, LLC v Shainwald* (38 AD3d 215 [2007]) is not to the contrary. In *Moonstone,* we affirmed the lower court's grant of summary judgment where the defendant, in opposition to the motion, had failed to serve and file a responsive statement as required by rule 19-a, concluding that there was no reason to disturb the court's exercise of discretion in deeming the unopposed statements admitted. We did not hold that rule 19-a must be applied in the absolute and that the court does not have discretion to excuse noncompliance, but simply that there was no basis to disturb the court's application of the rule in that instance. Concur—Gonzalez, P.J., Tom, Catterson, Richter and Abdus-Salaam, JJ.