654

[907 NYS2d 390]

Viahealth of Wayne, Petitioner, v Dawn VanPatten, Assessor
for the Town of Sodus, et al., Respondents.

Supreme Court, Wayne County, August 12, 2010

**APPEARANCES OF COUNSEL**

*James S. Grossman*, Rochester, for petitioner. *Anthony J. Villani*, Lyons, for respondents.

**OPINION OF THE COURT**

KENNETH R. FISHER, J.

Petitioner, Viahealth of Wayne, moves pursuant to CPLR 3212 and RPTL 420-a for an order granting summary judgment and determining: (1) the above-captioned proceedings are consolidated; (2) the inclusion of petitioner's property on 6692 Middle

Road in the town and bearing S.B.L. No. 69118-00-132655 on the taxable portion of the Town's final assessment roll for each tax year in question is both excessive and illegal and should be governed by RPTL 420-a, which requires that real property owned by a corporation or association organized or conducted exclusively for hospital purposes and used exclusively for carrying out those purposes be partially exempt from real property taxes on a proportionate square foot basis; (3) for each tax year, the property is partially exempt based upon RPTL 420-a; (4) for each tax year, entry of the entire property on the fully taxable portion of the Town's final assessment roll is both excessive and unequal to the extent it exceeds the property's nonexempt value; (5) for each tax year, the exempt portion of the property be removed from the taxable portion of the Town's final assessment roll and entered on the exempt portion of the Town's final assessment roll; and (6) for each tax year, petitioner be paid a refund of excess taxes paid, plus interest, as a result of the excessive and illegal assessments placed on the property.

Petitioner, a New York not-for-profit corporation, owns the subject property. The sole member of petitioner is Rochester General Health System (RGHS), which coordinates health care services through various health care entities. Petitioner makes the following allegations regarding the use of the property:

1. 1,417 square feet have been used exclusively for hospital purposes as defined by Public Health Law § 2801;

2. Between 8,988 and 10,887 square feet have been leased to Wayne Medical Group, a division of Rochester General Hospital (RGH), whose salaried, non-private-practice physicians exclusively provide health care services that are hospital purposes as defined by Public Health Law § 2801;

3. 4,172 square feet have been leased to Finger Lakes Migrant Health Care Project, Inc., a domestic not-for-profit that exclusively provides health care to area migrant and seasonal farm workers, a hospital purpose as defined by Public Health Law § 2801;

4. 1,395 square feet are leased to Wayne County Rural Health Network, a not-for-profit collaborative partnership of health and human services providers that provides hospital services as defined by Public Health Law § 2801; and

5. 1,400 square feet are leased to Rushville Health Center, a domestic not-for-profit that exclusively used a portion of the property for hospital purposes as defined by Public Health Law § 2801 for the tax year 2005/2006 only.

Respondents contend that petitioner's reliance on definitions found in the Public Health Law is misplaced.

Petitioner filed RP-524 grievances for each tax year in question, challenging the assessed valuations; the Town Board of Assessment Review issued notices of determination denying the request for reductions in the assessed valuation. Thereafter, petitioner commenced Real Property Tax Law article 7 proceedings to challenge the assessments.

## Consolidation

Petitioner seeks consolidation of the tax assessment proceedings pending under Wayne County index Nos. 2005/57538, 2006/59859, 2007/62543, 2008/65827 and 2009/68748. CPLR 602 relates to consolidation and states:

> "(a) Generally. When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of any or all the matters in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

CPLR 602 (a) allows for consolidation of pending actions where they "involv[e] a common question of law or fact." A motion for consolidation will be warranted where no prejudice would result and "consolidation would best serve the interests of justice and judicial economy." (*Gottlieb v Budget Rent-A-Car*, 18 AD3d 429 [2d Dept 2005].) While all of the facts and issues do not have to be identical, there must be "at least . . . some important rules of law and some substantial issues of fact in common to both actions." (*Bradford v Coleman Catholic High School*, 110 AD2d 965, 966 [3d Dept 1985].)

Here, consolidation is warranted and is not opposed by respondents. For each of the tax years in question, the same legal questions, as discussed infra, must be determined. The motion for consolidation is granted.

## · Applicability of Public Health Law Definitions

Petitioner moves for summary judgment, seeking determinations relative to the taxable status of the subject property. It is well settled that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact." (*Alvarez v*

*Prospect Hosp.*, 68 NY2d 320, 324 [1986] [citations omitted]; *see also Potter v Zimber*, 309 AD2d 1276 [4th Dept 2003].) "Once this showing has been made, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution." (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003], citing *Alvarez*, 68 NY2d at 324.) "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers." (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985] [citation omitted]; *see also Hull v City of N. Tonawanda*, 6 AD3d 1142, 1142-1143 [4th Dept 2004].) When deciding a summary judgment motion, the evidence must be viewed in the light most favorable to the nonmoving party. (*See Russo v YMCA of Greater Buffalo*, 12 AD3d 1089 [4th Dept 2004].) The court's duty is to determine whether an issue of fact exists, not to resolve it. (*See Barr v County of Albany*, 50 NY2d 247 [1980]; *Daliendo v Johnson*, 147 AD2d 312, 317 [2d Dept 1989].)

The rules of construction of tax exemptions are all also settled. "Real Property Tax Law § 420-a establishes a mandatory tax exemption for real property of nonprofit corporations." (*Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d 406, 411 [2004].) "The property owner carries the burden to demonstrate entitlement to a real property tax exemption." (*Matter of World Buddhist Ch'An Jing Ctr., Inc. v Schoeberl*, 45 AD3d 947, 948 [3d Dept 2007].) Tax exemption statutes "are to be strictly construed against the taxpayer," with the proviso that the construction not be " 'so narrow and literal as to defeat [their] settled purpose.' " (*Matter of Yeshivath Shearith Hapletah v Assessor of Town of Fallsburg*, 79 NY2d 244, 249 [1992], quoting *People ex rel. Watchtower Bible & Tract Socy. v Haring*, 8 NY2d 350, 358 [1960]; *see also Matter of Legion of Christ*, 1 NY3d at 412 ["(w)hile generally tax exemption statutes must be construed against the taxpayer, they should not be so narrowly interpreted as to defeat their settled purpose"].) Obtaining tax-exempt status requires a two step inquiry: (1) is the nonprofit "conducted exclusively for . . . hospital . . . purposes"; and (2) is the property "used exclusively for carrying out thereupon one or more of such purposes." (*id.* at 411; RPTL 420-a [1] [a].) "The term 'exclusively,' in this context, has been broadly defined to connote 'principal' or 'primary' such that purposes and uses merely 'auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption.' " (*Hapletah*, 79 NY2d at

249, quoting *Matter of Association of Bar of City of N.Y. v Lewisohn*, 34 NY2d 143, 153 [1974].)

It is petitioner's contention that it is a hospital as defined by Public Health Law § 2801, and that the property is partially used exclusively as a hospital. Public Health Law § 2801 (1) defines a "hospital":

> "[A] facility or institution engaged principally in providing services by or under the supervision of a physician or, in the case of a dental clinic or dental dispensary, of a dentist, for the prevention, diagnosis or treatment of human disease, pain, injury, deformity or physical condition, including, but not limited to, a general hospital, public health center, diagnostic center, treatment center, dental clinic, dental dispensary, rehabilitation center other than a facility used solely for vocational rehabilitation, nursing home, tuberculosis hospital, chronic disease hospital, maternity hospital, living-in-asylum, outpatient department, out-patient lodge, dispensary and a laboratory to central service facility serving one or more institutions, but the term hospital shall not include an institution, sanitarium or other facility engaged principally in providing services for the prevention, diagnosis or treatment of mental disability and which is subject to the powers of visitation, examination, inspection and investigation of the department of mental hygiene except for those distinct parts of such a facility which provide hospital service. The provisions of this article shall not apply to a facility or institution engaged principally in providing services by or under the supervision of the bona fide members and adherents of a recognized religious organization whose techniques include reliance on spiritual means through prayer alone for healing in the practice of the religion of such organization and where services are provided in accordance with those teachings."

Petitioner contends that it is licensed as a hospital under Public Health Law article 28, and further avers that, based on the definition provided at section 2801, for each of the tax years at issue, between 55% and 66.4% of the property was used exclusively for hospital services by either petitioner or petitioner's hospital tenants. No further legal support or rationale is provided by petitioner for the applicability of the Public Health Law definition.

Respondents contend that RPTL 420-a exempts property wholly or partially owned by a hospital and used for hospital purposes and that "hospital purpose," as defined by Public Health Law article 28, is not relevant to an RPTL 420-a analysis.

RPTL 420-a states, in relevant part:

"1. (a) Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational, or moral or mental improvement of men, women or children purposes, or for two or more such purposes, and used exclusively for carrying out thereupon one or more of such purposes either by the owning corporation or association or by another such corporation or association as hereinafter provided shall be exempt from taxation as provided in this section.

"(b) Real property such as specified in paragraph (a) of this subdivision shall not be exempt if any officer, member or employee of the owning corporation or association shall receive or may be lawfully entitled to receive any pecuniary profit from the operations thereof, except reasonable compensation for services in effecting one or more of such purposes, or as proper beneficiaries of its strictly charitable purposes; or if the organization thereof for any such avowed purposes be a guise or pretense for directly or indirectly making any other pecuniary profit for such corporation or association or for any of its members or employees; or if it be not in good faith organized or conducted exclusively for one or more of such purposes.

"2. If any portion of such real property is not so used exclusively to carry out thereupon one or more of such purposes but is leased or otherwise used for other purposes, such portion shall be subject to taxation and the remaining portion only shall be exempt."

"It is a basic canon of statutory interpretation that '[w]ords of technical or special meaning are construed according to their technical sense, in the absence of anything to indicate a contrary legislative intent.' " (*People v Reed*, 265 AD2d 56, 66 [2d Dept 2000], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 233.) A term undefined specifically by a statute should "be given its 'precise and well settled legal meaning in

the jurisprudence of the state.' " (*Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173 [1988], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 233.) "Indeed, it is presumed that in drafting the statute, the Legislature understood and adopted that well-settled meaning." (*People v Reed*, 265 AD2d at 66.) Some New York courts have adopted the use of the Public Health Law definition of a hospital in making an analysis under RPTL 420-a. (*See Matter of San Simeon By The Sound v Russell*, 250 AD2d 689, 690 [2d Dept 1998]; *Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 14 Misc 3d 1209[A], 2006 NY Slip Op 52461[U] [Sup Ct, Westchester County 2006].)

The court notes that the Legislature certainly did not explicitly tie the word "hospital" to the definition of that word in the Public Health Law, as it has specifically done in other instances in New York law. (*See e.g.* Correction Law § 500-h [1]; CPL 530.11 [6]; Education Law § 350 [5]; § 6611 [9]; § 6807 [2] [a] [1]; § 6902 [3] [g]; Executive Law § 529-a [1]; General Business Law § 399-p [5]; Insurance Law § 209 [b]; § 4303 [e] [1]; Family Ct Act § 812 [5]; Mental Hygiene Law § 9.27 [b] [6]; § 16.01 [c] [1]; § 16.33 [a]; § 31.04 [a] [4]; § 31.35 [a]; Social Services Law § 364-i [1]; § 460-a [1]; § 461-g [3] [a]; State Finance Law § 127-a [1] [b]; Workers' Compensation Law § 13-c [4] [a].) A review of New York statutory law reveals that the Legislature, when using the term "hospital," many times specifically ties the word to the definition proffered in the Public Health Law, while at other times, such as in RPTL 420-a, no such mention of the Public Health Law definition is made. (*See e.g.* Agriculture and Markets Law § 79 [3]; Alcoholic Beverage Control Law § 92 [1]; Alternative County Government Law § 451 [2]; Banking Law § 234 [19]; Correction Law § 23 [2].)

■ Here, petitioner establishes prima facie that the Public Health Law definition of hospital is properly used in making an analysis under RPTL 420-a. There is decisional law supporting petitioner's position that the Public Health Law definition may be used in making an RPTL 420-a analysis (*e.g. Matter of San Simeon By The Sound v Russell*, 250 AD2d at 690), and respondents bring before the court no compelling decisional law in this jurisdiction to the contrary. This court is bound to apply *Matter of San Simeon By The Sound v Russell* in a case such as this because the Fourth Department has not offered guidance on the matter. (*People v Turner*, 5 NY3d 476, 482 [2005]; *Mohen v Stepanov*, 59 AD3d 502, 504 [2d Dept 2009] [collecting cases].)

What decisional law outside New York respondents offer involves differing statutory provisions (the Wisconsin case) or is distinguished on its facts. While the Legislature did not specifically mention the definition of hospital in the Public Health Law in the text of RPTL 420-a, it is not outside the realm that the broad definition proffered in the Public Health Law fits within the well-settled meaning of "hospital." (*People v Reed*, 265 AD2d at 66.)

## Exemptions

### 1. Wayne Medical Group, a Division of RGH

■ Petitioner contends that, for the years in question, portions of the property were used by Wayne Medical Group (WMG) to have RGH's salaried physicians provide WMG patients with physician services that are surveyed and accredited by the Department of Health. The physicians working in this capacity are salaried employees of RGH working in an extension clinic, not merely a doctor's office building.

Respondents' reliance upon *Matter of Genesee Hosp. v Wagner* (47 AD2d 37 [4th Dept 1975]) is misplaced, as the doctors in *Genesee* used the space as private pay doctors, whereas the doctors in the case at bar are salaried physicians using the space as an extension clinic. The space is not used as a doctor's office. (*See* affidavit of H. Thomas ¶ 17-18 and exhibit 11.)

The court finds that this use of the property is a hospital purpose as contemplated by RPTL 420-a and as defined, in relevant part, by Public Health Law § 2801.

### 2. Finger Lakes Migrant Health Care Project, Inc.

■ Petitioner contends that Finger Lakes Migrant Health Care Project, Inc. (FLMHC), a domestic not-for-profit corporation, provides health care to area migrant and seasonal farm workers, thus also fulfilling a hospital purpose. Petitioner submits evidence of FLMHC's not-for-profit status in the reply affirmation. (*See* reply affirmation of J. Grossman, exhibit 2.) This use of the property also qualifies for exempt status under RPTL 420-a.

### 3. Wayne County Rural Health Network

■ Wayne County Rural Health Network is a not-for-profit collaborative partnership of health and human service providers providing increased access to hospital services in Wayne County. The portion of the property used for this purpose is exempt under RPTL 420-a as it is used for hospital and charitable purposes.

4. <u>Rushville Health Center</u>

■ Rushville Health Center (RHC) is a domestic not-for-profit that used a portion of the property to provide accredited medical and dental services to the poor and underserviced. As proof of exempt status, petitioner provides a copy of a letter from the IRS affirming RHC's Internal Revenue Code (26 USC) § 501 (c) (3) status. The portion of the property used for this purpose is entitled to the exemption under RPTL 420-a.

5. <u>Laboratory and Collection Services</u>

■ Petitioner contends that a portion of the property was used to provide clinical laboratory collection and X-ray services that are separately surveyed, monitored and accredited in accordance with the Department of Health's hospital accreditation process. This use also fits within the meaning of a hospital under RPTL 420-a, taking into account the definition of a hospital in the Public Health Law.

Petitioner's motion is granted as set forth above.

To the extent an exemption is sought for vacant offices and/or for-profit tenants, the motion for summary judgment is denied.

To the extent respondents contend that petitioner had to file an exemption application with the assessor, that position has been rejected by the Court of Appeals. (*See Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194 [1991]; *see Matter of Ohr Menachem of Great Neck, Inc. v Board of Assessors*, 48 AD3d 688, 689-690 [2d Dept 2008].)