# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1453
CA 11-01152
PRESENT: SMITH, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF VIAHEALTH OF WAYNE,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAWN VANPATTEN, ASSESSOR FOR TOWN OF SODUS,
AND TOWN OF SODUS, RESPONDENTS-APPELLANTS.

---

ANTHONY J. VILLANI, P.C., LYONS (ANTHONY J. VILLANI OF COUNSEL), FOR
RESPONDENTS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (JAMES S. GROSSMAN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (Kenneth R. Fisher, J.), entered August 18, 2010 in proceedings pursuant to RPTL article 7 and CPLR article 78. The order, among other things, granted in part petitioner's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by dismissing the petitions insofar as they seek relief pursuant to CPLR article 78 and denying those parts of petitioner's motion for summary judgment determining that petitioner is entitled to tax-exempt status for the portions of its property leased by Finger Lakes Migrant Health Care Project, Inc., Wayne County Rural Health Network and Rushville Health Center and as modified the order is affirmed without costs.

Memorandum: Petitioner, a not-for-profit corporation, commenced these consolidated proceedings pursuant to RPTL article 7 and CPLR article 78 seeking review of the tax assessments over several years on petitioner's property located in respondent Town of Sodus (Town). Respondents appeal from an order that, inter alia, granted those parts of petitioner's motion for summary judgment determining that petitioner was entitled to tax-exempt status for the portions of its property that were used for X ray and laboratory services operated by petitioner and that were leased by Wayne Medical Group, which is a division of Rochester General Hospital (RGH), Finger Lakes Migrant Health Care Project, Inc. (FLMHC), Wayne County Rural Health Network (WCRHN) and Rushville Health Center (Rushville). We note at the outset that "proceeding[s] pursuant to CPLR article 78 [are] not the proper vehicle[s] for challenging the tax assessment[s], inasmuch as 'challenges to assessments on the grounds that they are illegal, irregular, excessive, or unequal[ ] are to be made in a certiorari

proceeding under RPTL article 7' " (*Matter of Cayuga Grandview Beach Coop. Corp., v Town Bd. of Town of Springport*, 51 AD3d 1364, 1364, *lv denied* 11 NY3d 702).  We therefore modify the order by dismissing the petitions insofar as they seek relief pursuant to CPLR article 78.

Pursuant to RPTL 420-a (1) (a), real property owned by a corporation organized exclusively for hospital purposes is exempt from taxation when the property is "used exclusively" for such purposes. Subdivision (2) of that statute further provides that, "[i]f any portion of such real property is not so used exclusively . . . but is leased or otherwise used for other purposes, such portion shall be subject to taxation and the remaining portion only shall be exempt . . . ."  Petitioner had the initial burden of demonstrating that it was established exclusively for hospital purposes and that the portions of property at issue were used exclusively for those purposes (*see Matter of Genesee Hosp. v Wagner*, 47 AD2d 37, 43, *affd* 39 NY2d 863).  "The issue in determining the taxable status of property is 'whether the nature of its primary activities is consistent with an exempt purpose' " (*Matter of Lackawanna Community Dev. Corp. v Krakowski*, 50 AD3d 1469, 1470, *affd* 12 NY3d 578; *see also Congregation Rabbinical Coll. of Tartikov, Inc. v Town of Ramapo*, 17 NY3d 763, 764; *Matter of Brooklyn Assembly Halls of Jehovah's Witnesses, Inc. v Department of Envtl. Protection of City of N.Y.*, 11 NY3d 327, 335).

We reject respondents' contention that Supreme Court erred in granting those parts of petitioner's motion with respect to the portions of the property leased by RGH and used for X ray and laboratory services.  Petitioner established that RGH and petitioner are not-for-profit corporations organized exclusively for hospital purposes and that they are using the property exclusively for those purposes (*see generally Genesee Hosp.*, 47 AD2d at 43-45).  Where property is being used in support of a general hospital for various outpatient services and care, such as the services provided here by the physicians and staff of RGH and by petitioner's X ray units and laboratories, the property is tax exempt inasmuch as those services fulfill primary hospital purposes (*see Genesee Hosp.*, 47 AD2d at 46-47).  Although there is no general hospital on the property at issue, as there was in *Matter of Genesee Hosp.*, the relevant portion of the property is used and operated as an extension clinic by RGH, which operates a not-for-profit hospital.  We therefore conclude that petitioner established its entitlement to judgment as a matter of law with respect to the portions of property leased by RGH and used for X ray and laboratory services, and respondents failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We agree with respondents, however, that the court erred in granting petitioner's motion with respect to the portions of its property leased by FLMHC, WCRHN and Rushville.  Petitioner failed to establish that those not-for-profit organizations were using the property exclusively for tax-exempt hospital purposes (*see Genesee Hosp.*, 47 AD2d at 43).  We therefore further modify the order by denying those parts of petitioner's motion for summary judgment

determining that petitioner was entitled to tax-exempt status for those portions of its property leased by FLMHC, WCRHN and Rushville.

Entered:  December 30, 2011                    Frances E. Cafarell
                                              Clerk of the Court