■ MOHAMMED AL SARI, Respondent, v ALISHAEV BROS., INC., Appellant. [994 NYS2d 343]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered January 14, 2014, which granted plaintiff's motion for summary judgment dismissing defendant's counterclaim, unanimously reversed, on the law, without costs, and the motion denied. Order, same court and Justice, entered February 27, 2014, unanimously affirmed insofar as it denied defendant's cross motion for sanctions against plaintiff, and appeal from the portion thereof that denied defendant's cross motion to renew plaintiff's motion for summary judgment dismissed, without costs, as academic in light of the foregoing.

As is evident from his brief before the motion court, plaintiff moved to dismiss only the part of the counterclaim dealing with nonparty Daniela Diamonds LLC. Thus, the portion of the counterclaim involving nonparty Signature Diamonds should not have been dismissed.

The motion court improvidently exercised its discretion in deeming paragraph 3 of plaintiff's statement of undisputed facts admitted. Defendant clearly disputed this paragraph in paragraph 13 of its statement. While it would have been better for

defendant to submit a paragraph-by-paragraph response to plaintiff's statement, "blind adherence to the procedure set forth in rule 19-a" of the Rules of the Commercial Division of the Supreme Court (22 NYCRR 202.70) is not required (*Abreu v Barkin & Assoc. Realty, Inc.*, 69 AD3d 420, 421 [1st Dept 2010]).

In opposition to plaintiff's motion for summary judgment, defendant raised a triable issue of fact whether plaintiff owed Daniela $553,606.25 by submitting an affidavit by one of Daniela's principals (Eliazarov) and documents that Eliazarov swore were Daniela's business records. It is for a trier of fact to decide whether the Daniela documents were in fact business records and whether, as plaintiff contends, Eliazarov's affidavit is false (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 505 [2012]; *see also D'Angelo v State of New York*, 39 NY2d 781 [1976]).

Plaintiff did not demonstrate that the assignment to defendant of Daniela's claim against him was champertous as a matter of law since an issue of fact exists whether Daniela's claim was legitimate (*see Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp.*, 13 NY3d 190, 201 [2009]). Furthermore, the assignment from Daniela to defendant did not create strife, discord, or harassment, since plaintiff was already suing defendant, defendant already had a counterclaim against plaintiff based on Signature's purchases from defendant, and defendant and Daniela are related (*see id.* at 199).

The court providently exercised its discretion in denying defendant's cross motion for sanctions against plaintiff. The small note from nonparty Gopi that plaintiff threw away was not key evidence (*see Squitieri v City of New York*, 248 AD2d 201, 202 [1st Dept 1998]). For example, defendant could have deposed Gopi. Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.