# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**151**

**CA 14-01124**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF CROUSE HEALTH SYSTEM, INC.,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

CITY OF SYRACUSE, DAVID CLIFFORD, COMMISSIONER
OF ASSESSMENT FOR CITY OF SYRACUSE, CITY OF
SYRACUSE BOARD OF ASSESSMENT REVIEW, COUNTY OF
ONONDAGA AND CITY OF SYRACUSE SCHOOL DISTRICT,
RESPONDENTS-APPELLANTS.

---

ROBERT P. STAMEY, CORPORATION COUNSEL, SYRACUSE (SHANNON M. JONES OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

HARTER SECREST & EMERY LLP, ROCHESTER (MEGAN K. DORRITIE OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order and judgment of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered February 3, 2014 in a proceeding pursuant to CPLR article 78 and RPTL article 7. The order and judgment granted petitioner's motion for summary judgment.

It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, and the petition is dismissed insofar as it seeks relief pursuant to CPLR article 78.

Memorandum: In this proceeding pursuant to, inter alia, RPTL article 7, petitioner challenges the tax assessments on three parcels of property that contain a garage and office space. Petitioner sought full exemptions for the subject parcels pursuant to RPTL 420-a, and respondent Commissioner of Assessment granted a 75% exemption for the garage parcels, but denied the remainder of the request. Petitioner commenced this proceeding challenging that determination, and respondents appeal from an order and judgment granting petitioner's motion for summary judgment. We agree with respondents that Supreme Court erred in granting the motion. We also note at the outset that the petition must be dismissed insofar as it seeks relief pursuant to CPLR article 78, because the proper vehicle for seeking the instant relief is a certiorari proceeding pursuant to RPTL article 7 (*see Matter of ViaHealth of Wayne v VanPatten*, 90 AD3d 1700, 1701).

It is well settled that, pursuant to the RPTL, "[r]eal property owned by a corporation or association organized or conducted

exclusively for . . . hospital . . . purposes . . . and used
exclusively for carrying out thereupon . . . such purpose[] . . .
shall be exempt from taxation" (RPTL 420-a [1] [a]).  Here,
respondents concede that petitioner is organized for an exempt
purpose, as a hospital, and thus only the second prong of the statute
is at issue.  "[T]he test of entitlement to tax exemption under the
used exclusively clause of [RPTL 420-a (1) (a)] is whether the
particular use is reasonably incident[al] to the [primary or] major
purpose of the [corporation] . . . Put differently, the determination
of whether the property is used exclusively for the statutory purposes
depends upon whether its primary use is in furtherance of the
permitted purposes" (*Matter of Merry-Go-Round Playhouse, Inc. v
Assessor of City of Auburn*, 104 AD3d 1294, 1296, *affd* 24 NY3d 362
[internal quotation marks omitted]).  "The burden of establishing that
the property is entitled to a tax exemption rests with the taxpayer"
(*Merry-Go-Round Playhouse, Inc.*, 24 NY3d at 367, citing *Matter of
Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d 578, 581).
Additionally, when a taxpayer in a tax certiorari proceeding seeks
summary judgment, "it is necessary that the movant establish his cause
of action or defense sufficiently to warrant the court as a matter of
law in directing judgment in his favor . . . , and he must do so by
tender of evidentiary proof in admissible form" (*Zuckerman v City of
New York*, 49 NY2d 557, 562 [internal quotation marks omitted]; *see
e.g. ViaHealth of Wayne*, 90 AD3d at 1701-1702; *Fusco v Assessor of
City of Utica*, 178 AD2d 995, 995).

Here, we agree with respondents that petitioner failed to
establish that the primary use of the subject parcels is for exempt
purposes, and thus it failed to meet its burden on the motion.
Indeed, the evidence submitted by petitioner in support of the motion
established that an undetermined portion of the people who used the
garage did so for purposes associated with nonexempt uses such as the
adjacent private physicians' offices.  Inasmuch "[a]s the private
practice of medicine by a hospital's attending physicians is primarily
a commercial enterprise, and such physicians' offices are not entitled
to a tax exemption under RPTL 420-a . . . , the parking spaces
subleased to those offices cannot be said to so further the hospital's
purposes as to create an entitlement to an exemption" (*Matter of St.
Francis Hosp. v Taber*, 76 AD3d 635, 640; *see Matter of Genesee Hosp. v
Wagner*, 47 AD2d 37, 43-45, *affd* 39 NY2d 863).  Petitioner also
established that 6.3 to 8.2% of the yearly revenue for the entire
garage was gained from people attending sporting and entertainment
events at nearby venues, which petitioner concedes is not an exempt
use.  Finally, the evidence submitted by petitioner established that
approximately 10% of one of the office buildings and 20% of the other
was used for nonexempt purposes, but failed to establish conclusively
what part of the remaining office space was actually used by
petitioner, and for what specific purpose.  Thus, because petitioner
failed to meet its initial burden of establishing its entitlement to
judgment as a matter of law (*see generally Zuckerman*, 49 NY2d at 562),
the court should have denied the motion, "regardless of the
sufficiency of the opposing papers" (*Winegrad v New York Univ. Med.
Ctr.*, 64 NY2d 851, 853).

Contrary to petitioner's further contention, we conclude that the court abused its discretion in deeming respondents to have admitted all the information in petitioner's "Statement of Undisputed Material Facts" submitted pursuant to Rule 19-a of the Rules of the Commercial Division of the Supreme Court ([hereafter, 19-a Statement] *see* 22 NYCRR 202.70 [g] [Rule 19-a (a)]).  The 19-a Statement was merely an almost verbatim repetition of an affidavit submitted by one of petitioner's employees in support of the motion, and respondents clearly disputed the content of the information in it.  Further, petitioner failed to submit sufficient evidence in admissible form in support of the 19-a Statement, as required by the Rule (*see* 22 NYCRR 202.70 [g] [Rule 19-a (d)]; *cf. EBC I, Inc. v Goldman Sachs & Co.*, 91 AD3d 211, 220, *lv granted* 19 NY3d 810).  Although "the rule gives a motion court the discretion to deem facts admitted, the court is not required to do so" (*Abreu v Barkin & Assoc. Realty, Inc.*, 69 AD3d 420, 421).  Consequently, although "it would have been better for [respondents] to submit a paragraph-by-paragraph response to [petitioner's] statement" as required by the regulation (*Al Sari v Alishaev Bros., Inc.*, 121 AD3d 506, 506-507; *see* 22 NYCRR 202.70 [g] [Rule 19-a (b)]), under the circumstances the court abused its discretion in deeming the entire statement admitted.  The evidence submitted in support of petitioner's motion failed to eliminate all "triable issues of fact and the court was not compelled to grant summary judgment solely on the basis of blind adherence to the procedure set forth in Rule 19-a" (*Abreu*, 69 AD3d at 421; *see Slattery Skanska Inc. v American Home Assur. Co.*, 67 AD3d 1, 12).

Entered:  March 20, 2015                          Frances E. Cafarell
                                                  Clerk of the Court